UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OAK HARBOR CAPITAL X, LLC; and STELIS, LLC,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>WELLS FARGO BANK, N.A.; and DREAMBUILDER INVESTMENTS, LLC,<br><br>　　　　　　Defendants. | NO.<br><br>COMPLAINT |

　　　　　Plaintiffs, Oak Harbor Capital X, LLC and Stelis, LLC, allege:

## PARTIES

　　　　　1.　　Oak Harbor Capital X, LLC ("Oak Harbor") is a limited liability company formed and existing under the laws of Delaware.  Oak Harbor's principal place of business is Seattle, Washington.  Oak Harbor is a secured creditor holding multiple commercial loans to Stelis, LLC.

　　　　　2.　　Stelis, LLC ("Stelis") is a limited liability company formed and existing under the laws of Delaware.  Stelis's principal place of business is Seattle, Washington.  Stelis is the debtor with respect to multiple commercial loans held by Oak Harbor.

　　　　　3.　　Wells Fargo Bank, N.A. ("Wells Fargo") is a national banking association with its principal place of business in California.  Wells Fargo provides

various commercial services, including a custodial service by which Wells Fargo serves as custodian of mortgages and notes owned by other parties. Wells Fargo is the custodian of mortgages and notes owned by Stelis and pledged to Oak Harbor as collateral for Stelis's indebtedness to Oak Harbor.

4. Dreambuilder Investments, LLC ("DBI") is a limited liability company formed and existing under the laws of New York. DBI's principal place of business is New York. DBI is an affiliate of DBI Coinvestor Fund VIII, LLC ("DBI VIII"). DBI VIII is a minority owner of Stelis. DBI, DBI VIII, and affiliated persons and entities have placed Stelis assets in Wells Fargo's custody under DBI's name rather than Stelis's name. DBI and its affiliates have refused to direct Wells Fargo to deliver Stelis assets to either Stelis or Oak Harbor.

## JURISDICTION

5. The amount in controversy in this action exceeds $75,000.

6. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because plaintiffs and defendants are citizens of different states.

## VENUE

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## RELATED CASE

8. This lawsuit is related to another lawsuit currently pending in this Court captioned *Palmer, et al. v. Cerastes, LLC, et al.*, Case No. 1:14-cv-09462(PAC), United States District Court for the Southern District of New York ("Related Case").

9. Except for Wells Fargo, all the parties to this lawsuit are parties to the Related Case.

## FACTS

**Secured Debt**

10. Stelis is the owner of seven portfolios of defaulted mortgage accounts bearing the following DBO numbers [the material in square brackets is Stelis's reference]:

(a) 7/19/2013:  DBO-18884 [Gries];

(b) 8/13/2013:  DBO-18802 [NCI 1];

(c) 8/28/2013:  DBO-18885 [WMD1];

(d) 11/11/2013: DBO-19129 [Trinity/Coast];

(e) 11/27/2013: DBO-18887 [WMD 2];

(f) 5/27/2014:  DBO-20625 [NCI1];

(g) 6/12/2014:  DBO-20705 [NCI3].

11. Stelis financed the acquisition of the seven Stelis portfolios through seven mortgage asset loan agreements (collectively, the "Mortgage Asset Loan Agreements"). Stelis was the borrower under each of the Mortgage Asset Loan Agreements. The loans originated with multiple lenders, but the loans originating with lenders other than Oak Harbor were subsequently assigned to Oak Harbor. Oak Harbor is now the only lender under any of the Mortgage Asset Loan Agreements.

12. Each loan made pursuant to a Mortgage Asset Loan Agreement was memorialized in a separate Promissory Note (collectively, the "Promissory Notes"). The original principal balances of the Promissory Notes totaled approximately $21 million.

13. Under seven separate security agreements (the "Security Agreements"), Stelis, as borrower, granted to each of the lenders under the seven Mortgage Asset Loan Agreements a security interest constituting a first lien in certain collateral, as specified in the agreements (the "Collateral"). Oak Harbor holds a perfected security interest in the Collateral. The Collateral included all notes and mortgages held by or on behalf of Stelis ("Stelis Assets").

14. Oak Harbor's perfected security interest in the Collateral secures all of Stelis's obligations and liabilities to the lenders under the Mortgage

Asset Loan Agreements, the notes evidencing the loans, and all other loan documents ("Stelis Secured Debt").

15. Under the terms of the Security Agreements, Oak Harbor has the authority upon the occurrence of an uncured default (a) to notify any obligor under any of the loan documents of the existence of the security interest and require them to pay all sums due or to become due directly to the lender; (b) to declare the entire unpaid balance of the loans and all other secured obligations and liabilities of the borrower immediately due and payable; and (c) to exercise all the rights and remedies of a secured party under the UCC with respect to the Collateral.

**Default on Stelis Secured Debt**

16. The Stelis Secured Debt is in default.

17. Uncured defaults relating to the Stelis Secured Debt include, without limitation, the following:

    a. Failure to pay the debt when due;

    b. Failure to deposit all proceeds from sale of Collateral into the required escrow accounts;

    c. Failure to maintain the Collateral in the name of the Debtor;

    d. Sale of Collateral without consent of Oak Harbor; and

    e. Failure to provide requested information regarding the Collateral.

**Wells Fargo**

  18. DBI and affiliated persons and entities have placed Stelis assets in Wells Fargo's custody in the name of DBI or an affiliate of DBI rather than in the name of Stelis.

  19. Placing Stelis assets in the name of any person or entity other than Stelis is a breach of the Stelis Limited Liability Company Agreement and also constitutes a default under the terms of the Mortgage Asset Loan Agreements and the Security Agreements.

  20. On May 21, 2015, Stelis and Oak Harbor sent a letter to Wells Fargo providing notice that Oak Harbor had a perfected security interest in the Stelis Assets ("May 21 Letter").

  21. The May 21 Letter requested that Wells Fargo advise Stelis and Oak Harbor whether or not the Stelis Assets were, or had been, within Wells Fargo's custody or control. The May 21 Letter also directed Wells Fargo not to transfer, encumber, or release the Stelis Assets.

  22. Wells Fargo advised that it was unable to comply with the requests in the May 21 Letter.

23. On May 30, 2015, Oak Harbor served Wells Fargo with a subpoena duces tecum requesting production of documents related to the Stelis Assets. Wells Fargo has not yet provided any documents in response to this subpoena.

24. On June 17, 2015, Oak Harbor notified Wells Fargo that Stelis was in default on its obligations to Oak Harbor. Oak Harbor provided Wells Fargo with proof of Oak Harbor's rights to the Stelis Assets and notified Wells Fargo that Oak Harbor was exercising its right to take possession of Stelis Assets. Oak Harbor also provided Wells Fargo with a non-exclusive list of Stelis Assets ("Non-Exclusive List of Stelis Assets").

25. Wells Fargo has taken the position that it cannot or will not comply with requests from Oak Harbor or Stelis relating to Stelis Assets in Wells Fargo's possession absent direction from a court.

26. DBI has refused to transfer the Stelis assets to Stelis or Oak Harbor or to place the Stelis assets in the name of Stelis.

## COUNT ONE - REPLEVIN

27. Plaintiffs incorporate each of the allegations contained in the foregoing paragraphs.

28. Oak Harbor has the sole possessory right to all Stelis Assets in Wells Fargo's possession or control including, without limitation, those listed on the Non-Exclusive List of Stelis Assets.

29. Wells Fargo has no possessory right to Stelis Assets in Wells Fargo's possession or control including, without limitation, those listed on the Non-Exclusive List of Stelis Assets.

30. DBI has no possessory right to Stelis Assets in Wells Fargo's possession or control including, without limitation, those listed on the Non-Exclusive List of Stelis Assets.

31. Oak Harbor has a property interest superior to that of Wells Fargo in the Stelis Assets in Wells Fargo's possession or control including, without limitation, those listed on the Non-Exclusive List of Stelis Assets.

32. Oak Harbor is entitled to an Order of Seizure directing that Wells Fargo deliver all Loan Documents in Wells Fargo's possession, custody, or control to the United States Marshal and/or Sheriff of New York County, pursuant to the provisions of Federal Rule of Civil Procedure 64, Article 71 of the New York Civil Practice Law and Rules, and UCC § 9-609.

**COUNT TWO – CONVERSION**

33. Plaintiffs incorporate each of the allegations contained in the foregoing paragraphs.

34.     Oak Harbor has a property interest superior to that of Wells Fargo in the Stelis Assets.

35.     Wells Fargo has exercised dominion over the Stelis Assets in defiance of Oak Harbor's rights.

36.     Wells Fargo is liable for all losses sustained by Stelis or Oak Harbor as a result of Wells Fargo's failure to deliver Stelis assets to Stelis or Oak Harbor.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief against Defendants:

1.     An Order of Seizure directing that Wells Fargo deliver all Loan Documents in Wells Fargo's possession, custody, or control to the United States Marshal and/or Sheriff of New York County, pursuant to the provisions of Federal Rule of Civil Procedure 64, Article 71 of the New York Civil Practice Law and Rules, and UCC § 9-609.

2.     An award of damages in an amount to be determined at trial.

3.     For such other relief as the Court may deem just and proper.

DATED this 29th day of June, 2015.

SPENCER HALL & ASSOCIATES PLLC


By      /s/ Spencer Hall
   Spencer Hall, WSBA No. 6162
  (Admitted *Pro Hac Vice*)
   Colin M. George, NYSBA No. 4725214
   1200 Fifth Avenue, Suite 1414
   Seattle, WA  98101
   Telephone:  (206) 292-5900
   Fax:  (206) 292-5901
   Email:  shall@spencerhall-assoc.com
   Email:  cgeorge@spencerhall-assoc.com

Robert L. Plotz
Law Office of Robert L. Plotz
565 Fifth Avenue, 7th Floor
New York, NY  10017
Telephone:  (646) 543-1812
Fax:  (646) 626-6418
Email:  law@plotz.com

Attorneys for Plaintiffs Oak Harbor
Capital X, LLC and Stelis, LLC