UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OAK HARBOR CAPITAL X, LLC; and STELIS, LLC,<br><br>                Plaintiffs,<br><br>        v.<br><br>WELLS FARGO BANK, N.A.; and DREAMBUILDER INVESTMENTS, LLC,<br><br>                Defendants. | NO. 1:15-cv-05073-PAC |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' ORDER TO SHOW CAUSE**

MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFFS' ORDER TO SHOW CAUSE - i

S‍PENCER H‍ALL & A‍SSOCIATES
1200 Fifth Ave., Suite 1414, Seattle, WA 98101   206.292.5900

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1

II.    FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2

         Secured Debt . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3

         Default on Stelis Secured Debt . . . . . . . . . . . . . . . . . . . . . .    5

III.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    7

        A.    Stelis Assets Must Be Maintained In the
             Possession of Oak Harbor, Or In the
             Possession of Stelis With Oak Harbor's
             Consent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    8

        B.    Oak Harbor and Stelis Are Entitled to
             Complete Information Regarding
             Stelis Assets . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    11

        C.    The Relief sought By Oak Harbor and
             Stelis Is the Minimum Relief Necessary
             To Preserve Oak Harbor's Collateral . . . . . . . . . . .    12

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    14

I.     INTRODUCTION

Oak Harbor Capital X, LLC ("Oak Harbor") and Stelis, LLC ("Stelis") seek prejudgment relief with respect to the misappropriation of Stelis assets by Dreambuilder Investments, LLC ("DBI").  DBI has placed substantial Stelis assets in the custody of Wells Fargo Bank, N.A. ("Wells Fargo") and represented to Wells Fargo that DBI is the owner of the Stelis assets.

DBI refuses to provide information regarding the Stelis assets to Stelis itself or to Oak Harbor, the secured lender holding a perfected security interest in the Stelis assets.  Wells Fargo declines to provide information regarding Stelis assets, much less deliver those assets to Stelis or Oak Harbor, because DBI has reportedly represented to Wells Fargo that the Stelis assets belong to DBI rather than Stelis.  As a result of DBI's actions, all assets of Stelis have been placed beyond the control of Oak Harbor and Stelis.

Oak Harbor, as the secured lender, has the right to immediate possession of its collateral.  Under the terms of the loan documents, this right exists independent of existing defaults.  The right of Stelis to possess and control its own assets is subordinate only to the rights of Oak Harbor.

DBI has no right to the assets of Stelis and no right to possess or control Stelis assets, much less to put Stelis assets in DBI's name.  Wells Fargo, an institutional custodian, has no rights to Stelis assets.

Accordingly, Oak Harbor and Stelis ask the Court to order:

- That Wells Fargo refrain from transferring or encumbering any asset listed on the Non-Exclusive List of Stelis Assets attached as Exhibit 1 to the Declaration of William S. Weinstein ('Non-Exclusive List of Stelis Assets"), except as provided by Order of this Court.

- That Wells Fargo provide to Oak Harbor and Stelis all information within Wells Fargo's possession or control (i) relating to any asset listed on the Non-Exclusive List of Stelis Assets; or (ii) relating to the custodial account(s) in which those assets are being or have been held.

- That Wells Fargo place in an account in the name of Stelis, LLC all assets listed on the Non-Exclusive List of Stelis Assets except assets that DBI represents to the Court under oath are owned by another identified person or entity, in which case those disputed asset(s) will be held separately.

- That DBI and affiliated persons and entities refrain from taking any action to hinder or prevent compliance with the Court's order.

## II.  FACTS

Stelis is in the business of purchasing, managing, and selling portfolios of troubled real estate debt.  Oak Harbor is a secured creditor holding multiple commercial loans to Stelis, LLC.  Oak Harbors' loans are secured by a perfected security interest in all assets of Stelis.  The Stelis assets consist primarily

of portfolios of troubled real estate mortgages purchased with the proceeds of the Oak Harbor loans.[1]

Wells Fargo Bank, N.A. ("Wells Fargo") is a national banking association with its principal place of business in California. Wells Fargo provides various commercial services, including a custodial service by which Wells Fargo serves as custodian of mortgages and notes owned by other parties. Wells Fargo is the custodian of mortgages and notes owned by Stelis and pledged to Oak Harbor as collateral for Stelis's indebtedness to Oak Harbor.[2]

DBI is an affiliate of DBI Coinvestor Fund VIII, LLC ("DBI VIII"). DBI VIII is a minority owner of Stelis. The principals of DBI and DBI VIII are Gregory Palmer and Peter Andrews. (DBI, Palmer and Andrews collectively will be referred to in this memorandum as the "DBI Parties.") Oak Harbor, Stelis, DBI, Palmer and Andrews are parties to a related lawsuit currently pending in this Court captioned *Palmer, et al. v. Cerastes, LLC, et al.*, Case No. 1:14-cv-09462(PAC), United States District Court for the Southern District of New York ("Related Case").

**Secured Debt**

Stelis is the owner of seven portfolios of troubled real estate mortgage loans. Stelis financed the acquisition of the seven Stelis portfolios

---

[1] Declaration of William S. Weinstein ("Weinstein Declaration"), paragraph 2.
[2] Weinstein Declaration, paragraph 3.

MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFFS' ORDER TO SHOW CAUSE - 3

SPENCER HALL & ASSOCIATES
1200 Fifth Ave., Suite 1414, Seattle, WA 98101   206.292.5900

through seven mortgage asset loan agreements (collectively, the "Mortgage Asset Loan Agreements"). Stelis was the borrower under each of the Mortgage Asset Loan Agreements. The loans originated with multiple lenders, but the loans originating with lenders other than Oak Harbor were subsequently assigned to Oak Harbor. Oak Harbor is now the only lender under any of the Mortgage Asset Loan Agreements.[3]

Each loan made pursuant to a Mortgage Asset Loan Agreement was memorialized in a separate promissory note. The original principal balances of the promissory notes collectively totaled approximately $21 million.[4]

Under seven separate security agreements (the "Security Agreements"), Stelis, as borrower, granted to each of the lenders under the seven Mortgage Asset Loan Agreements a security interest constituting a first lien in certain collateral, as specified in the agreements. Oak Harbor holds a perfected security interest in this collateral, which includes all notes and mortgages owned by Stelis.[5]

Oak Harbor's perfected security interest in Stelis assets secures all of Stelis's obligations and liabilities to the lenders under the Mortgage Asset Loan Agreements, the notes evidencing the loans, and all other loan documents ("Stelis Secured Debt"). Under the terms of the loan documents, Oak Harbor is entitled to

---

[3] Weinstein Declaration, paragraph 4.
[4] Weinstein Declaration, paragraph 5.
[5] Weinstein Declaration, paragraph 6.

possession of Stelis assets and complete information regarding the status of these assets whether or not a default exists.  Where a default exists, as in this case, Oak Harbor has the authority to declare the entire unpaid balance of the loans due and payable and to exercise all the rights and remedies of a secured party under the UCC with respect to Stelis assets.[6]

**Default on Stelis Secured Debt**

The Stelis Secured Debt is in default.  Uncured defaults relating to the Stelis Secured Debt include, without limitation, the following:

- Failure to pay the debt when due;

- Failure to deposit all proceeds from sale of Stelis assets into the required escrow accounts;

- Failure to maintain Stelis assets in the name of the Debtor;

- Sale of Stelis assets without consent of Oak Harbor; and

- Failure to provide requested information regarding Stelis assets.[7]

DBI and affiliated persons and entities have placed Stelis assets in Wells Fargo's custody in the name of DBI or an affiliate of DBI rather than in the name of Stelis.[8]  Placing Stelis assets in the name of any person or entity other than Stelis is a breach of the Stelis Limited Liability Company Agreement and also

---

[6] Weinstein Declaration, paragraph 7.
[7] Weinstein Declaration, paragraph 8.
[8] Weinstein Declaration, paragraph 9.

constitutes a default under the terms of the Mortgage Asset Loan Agreements and the Security Agreements.[9]

On May 21, 2015, Stelis and Oak Harbor sent a letter to Wells Fargo providing notice that Oak Harbor had a perfected security interest in Stelis assets ("May 21 Letter").[10]

The May 21 Letter requested that Wells Fargo advise Stelis and Oak Harbor whether or not Stelis assets were, or had been, within Wells Fargo's custody or control.  The May 21 Letter also directed Wells Fargo not to transfer, encumber, or release any Stelis assets.[11]

Wells Fargo advised that it was unable to comply with the requests in the May 21 Letter.[12]

On May 30, 2015, Oak Harbor served Wells Fargo with a subpoena duces tecum requesting production of documents related to Stelis assets.[13]  Wells Fargo has not yet provided any documents in response to this subpoena.[14]

On June 17, 2015, Oak Harbor notified Wells Fargo that Stelis was in default on its obligations to Oak Harbor.[15]  Oak Harbor provided Wells Fargo with

---

[9] *See* discussion below; Stelis Limited Liability Company Agreement ("Stelis LLC Agreement") ¶ 2.7, attached to the Weinstein Declaration, Exhibit 2.
[10] Letter from Spencer Hall to Mark Nelson dated May 21, 2015, attached to the Declaration of Spencer Hall ("Hall Declaration"), Exhibit 1.
[11] *Id.*
[12] Letter from Mark Nelson to Spencer Hall dated May 29, 2015, Hall Declaration, Exhibit 2.
[13] Affidavit of Service on Wells Fargo dated June 1, 2015, Hall Declaration, Exhibit 3.
[14] Hall Declaration, paragraph 3.

proof of Oak Harbor's rights to Stelis assets and notified Wells Fargo that Oak Harbor was exercising its right to take possession of Stelis assets.[16] Oak Harbor also provided Wells Fargo with the Non-Exclusive List of Stelis Assets.[17]

Wells Fargo has taken the position that it cannot or will not comply with requests from Oak Harbor or Stelis relating to Stelis assets in Wells Fargo's possession absent direction from DBI or a court.[18] DBI has refused to transfer the Stelis assets to Stelis or Oak Harbor or to direct Wells Fargo to do so.[19]

### III. ARGUMENT

The present request for relief by Oak Harbor and Stelis represents a small portion of the relief to which Oak Harbor is entitled. Given the existing defaults, Oak Harbor has the right to take possession of its collateral and to liquidate the collateral pursuant to the terms of the Uniform Commercial Code. Numerous defaults exist apart from the DBI Parties' meritless argument in the Related Case that payment shortfalls are not defaults. The other existing defaults include mishandling of collateral, unauthorized sales of collateral, failure to provide information regarding collateral, and failure to deposit the proceeds of collateral into the escrow account designated in the loan documents.

---

[15] Letter from Spencer Hall to Mark Nelson dated June 17, 2015, Hall Declaration, Exhibit 4; Weinstein Declaration, paragraph 10.
[16] Weinstein Declaration, paragraph 10.
[17] Weinstein Declaration, paragraph 11.
[18] Hall Declaration, paragraph 4.
[19] Weinstein Declaration, paragraph 12.

Oak Harbor reserves the right to seek its full range of remedies. For the moment, Oak Harbor and Stelis are asking for the minimum relief necessary to insure the preservation of Oak Harbor's collateral.

### A.     Stelis Assets Must be Maintained In the Possession of Oak Harbor, Or In the Possession of Stelis With Oak Harbor's Consent.

The Mortgage Asset Loan Agreements obligate Stelis to maintain all assets purchased with the Oak Harbor loan proceeds in the name of Stelis:

> Section 2.5 (v) <u>Asset Purchase Documentation</u>. . . . (2) promptly after each closing with an Asset Seller, Borrower [Stelis] will use commercially reasonable efforts to ensure that the title and position in the Asset that Borrower has purchased with the Loan proceeds is transferred immediately into Borrower's name by taking all steps necessary for such transfer, . . . (4) Borrower shall promptly deliver all other copies of all documentation related to the purchase of any Assets that Borrower received in connection with such purchase that Lender [Oak Harbor] may reasonably request. [20]

The Mortgage Asset Loan Agreements also provide that if Oak Harbor permits Stelis to hold collateral, Stelis is doing so as bailee for Oak Harbor:

> To the extent that Lender agrees to allow Borrower to hold any Chattel Paper, Instruments, or Certificates of Title, Borrower shall hold them in a custodial capacity as bailee for Lender. [21]

---

[20] Mortgage Asset Loan Agreement between Stelis, LLC and Cerastes, LLC dated as of July 19, 2013, Section 2.5(v), page 8, Weinstein Declaration, Exhibit 3.
[21] *Id.* at Section 2.5(x), page 9.

Stelis has warranted to Oak Harbor in the Mortgage Asset Loan Agreements that Stelis will maintain good title and the *right to possess* the notes and mortgages:

> Section 5.5.  Ownership;Liens.  Borrower has good title to, and is the sole owner of and has the right to possess, the Collateral. [22]

The Security Agreements provide that Stelis must maintain physical possession of all its assets unless Oak Harbor consents to other arrangements:

> Section 6. Perfection of Security Interests.
>
> * * *
>
> (c)    Borrower [Stelis] shall have possession of the Collateral, except where expressly otherwise provided in this Security Agreement or where Lender [Oak Harbor] chooses to perfect its Security Interest by possession, in addition to the filing of a Financing Statement.  Where Collateral is in the possession of a third party, upon Lender's written request Borrower will join with Lender in notifying the third party of Lender's Security Interest and Borrower will obtain, at Borrower's expense, an acknowledgment from the third party that it is holding the Collateral for the benefit of Lender.
>
> (d)    Borrower will cooperate with Lender in obtaining control with respect to Collateral consisting of deposit accounts, investment property, and Chattel Paper.[23]

---

[22] *Id.* at Section 5.5, page 15.
[23] Security Agreement at ¶¶ 6(c) and (d), Weinstein Declaration, Exhibit 4.

MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFFS' ORDER TO SHOW CAUSE - 9

SPENCER HALL & ASSOCIATES
1200 Fifth Ave., Suite 1414, Seattle, WA 98101   206.292.5900

Palmer and Andrews, the principals of DBI, have executed personal guarantees warranting the performance of all obligations of Stelis to Oak Harbor.

The Stelis Limited Liability Company Agreement itself requires that all Stelis assets be held in the name of Stelis:

> **2.7 Title to Property.** All Property owned by the Company shall be owned by the Company as an entity, and no Member shall have any ownership interest in such Property in its individual name, and each Member's Units in the Company, and the Membership Interest represented by such Units, shall be personal property for all purposes.  <u>At all times after the Effective Date, the Company shall hold title to all of its Property in the name of the Company and not in the name of any Member</u>.[24]

The DBI parties have disregarded all the above commitments by taking possession and control of Stelis assets. The DBI Parties have used their unauthorized control to misappropriate more $2 million of proceeds from unauthorized sales of Stelis assets.[25]  Absent relief from the Court, the DBI Parties have the ability to misappropriate additional Stelis assets and Oak Harbor collateral at will.

---

[24] Stelis LLC Agreement ¶2.7, Weinstein Declaration, Exhibit 2.
[25] Weinstein Declaration, paragraph 13.

### B. Oak Harbor and Stelis Are Entitled to Complete Information Regarding Stelis Assets.

The Mortgage Asset Loan Agreements contain strict reporting requirements for all assets. Under these requirements, DBI VIII, as a member of Stelis, is required to provide Oak Harbor with any requested information about Stelis assets:

> Borrower will furnish such other information regarding the operations, business affairs and financial condition of Borrower and/or their property or assets (including but not limited to the Portfolios of Assets and the Collateral as Lender may reasonably request for the purposes of determining compliance with the Loan Documents including but not limited to true and exact copies of Borrower's books of account and tax returns, and all information furnished to any governmental authority.[26]

The agreements also permit Oak Harbor to demand an inspection:

> Upon request and after reasonable prior written notice from Lender, Borrower will permit any Person designated by Lender to visit and inspect any of the properties, books and financial reports of Borrower or its sub-servicers and to discuss their affairs, finances and accounts and to conduct such collateral audits and appraisals all at such reasonable times during ordinary business hours of Borrower and as often as Lender may reasonably request for the purpose of determining compliance with the Loan Documents, or the status of the Collateral . . .[27]

Stelis would be able to comply with these requirements if the DBI Parties had complied with the Order entered by this Court in the Related Case on

---

[26] Mortgage Asset Loan Agreement between Stelis, LLC and Cerastes, LLC dated as of July 19, 2013, Section 7.5, Weinstein Declaration, Exhibit 3.
[27] *Id.* at Section 7.6.

April 21, 2015 compelling production of documents by the DBI Parties.[28] However, the DBI Parties have not complied with the Court's order. They have produced large volumes of documents but have not produced the information that matters most. For example, the DBI Parties have refused to provide (i) the identity of each custodian holding Stelis assets; (ii) a list of the assets held by each custodian; (iii) the name in which the assets are held; and (iv) a copy of each custodial agreement.[29] They have refused to provide fully-executed agreements relating to the transactions that resulted in their diverting more than $2 million in proceeds from Stelis assets.[30] They have also refuse to produce documents showing the whereabouts or disposition of the more than $2 million funds that they diverted.

### C. The Relief Sought By Oak Harbor and Stelis Is the Minimum Relief Necessary to Preserve Oak Harbor's Collateral.

Oak Harbor could seek an order of replevin requiring that the Stelis assets be delivered to Oak Harbor to satisfy its loans to Stelis. It is fundamental that upon default, a secured party may take possession of the collateral. *See* N.Y. U.C.C. Law § 9-609. Oak Harbor is prepared to defer seeking liquidation of its

---

[28] Order dated April 21, 2015 in *Palmer, et al. v. Cerastes, LLC*, *et al.*, Case No. 1:14-cv-09462(PAC), ECF No. 51, Hall Declaration, Exhibit 5.

[29] Letter from Spencer Hall to Paul Verner dated July 1, 2015, Hall Declaration, Exhibit 6; letter from Paul Verner to Spencer Hall dated July 3, 2015, Hall Declaration, Exhibit 7.

collateral only if the collateral can be preserved pursuant to the terms of the parties' agreements.

Under New York law, a cause of action in replevin "must establish that the defendant is in possession of certain property of which the plaintiff claims to have a superior right." *Dore v. Wormley*, 690 F. Supp. 2d 176, 183 (S.D.N.Y. 2010) (citing *Batsidis v. Batsidis*, 9 A.D.3d 342, 343 (N.Y. App. Div. 2004)).  "Demand upon, and refusal of, the person in possession of the chattel to return it [are] essential elements of a cause of action in replevin."  *Id.* (citing *In re Peters*, 34 A.D.3d 29, 821 N.Y.S.2d 61, 65 (N.Y. App. Div. 2006)).

Oak Harbor and Stelis have made each of the required showings.  The DBI Parties acknowledge that Wells Fargo is the custodian for Stelis assets.[31]  Wells Fargo has denied any knowledge of the ownership interest of Oak Harbor and Stelis and has refused to comply with the requests in the May 21 Letter.  Wells Fargo has no claim to Stelis assets superior to that of Oak Harbor and Stelis. Under these circumstances, Wells Fargo has no right to refuse Oak Harbor and Stelis's request.  *See Bank of India v. Weg & Myers, P.C.*, 257 A.D.2d 183, 191 (N.Y. App. Div. 1st Dep't 1999) ("The secured party's right to possession of the collateral upon default may be asserted against a third party in possession, which may not properly refuse upon the secured party's request for delivery").

---

[31] Weinstein Declaration, paragraph 3; *See, e.g*, letter from Paul Verner to Spencer Hall dated July 3, 2015, Hall Declaration, Exhibit 8.

Oak Harbor reserves the right to liquidate the collateral at a later date. If it is not possible to preserve Oak Harbor's collateral with the relief sought in the present Order to Show Cause, Oak Harbor intends to seek more extensive relief immediately.

### IV.  CONCLUSION

For the foregoing reasons, Oak Harbor and Stelis ask that the Court grant the requested relief.

DATED this 16th day of July, 2015.

SPENCER HALL & ASSOCIATES PLLC


By  /s/ Spencer Hall
   Spencer Hall, WSBA No. 6162
   (Admitted *Pro Hac Vice*)
   Colin M. George, NYSBA No. 4725214
   1200 Fifth Avenue, Suite 1414
   Seattle, WA  98101
   Telephone:  (206) 292-5900
   Fax:  (206) 292-5901
   Email:  shall@spencerhall-assoc.com
   Email:  cgeorge@spencerhall-assoc.com

Robert L. Plotz
Law Office of Robert L. Plotz
565 Fifth Avenue, 7th Floor
New York, NY  10017
Telephone:  (646) 543-1812
Fax:  (646) 626-6418
Email:  law@plotz.com

Attorneys for Plaintiffs Oak Harbor Capital X, LLC and Stelis, LLC